UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SYLVIA HANLEY, by her attorney in fact,
CHARLES STERNBACH, and ALAN
BLUMKIN, on behalf of themselves and all
others similarly situated,

                                  Plaintiff,

                 -v-

HOWARD A. ZUCKER, M.D., J.D., in his
official capacity as Commissioner, New York
State Department of Health, and STEVEN
BANKS, in his official capacity as
Commissioner, New York City Human
Resources Administration,

                                  Defendants.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 12, 2015

15-cv-5958 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

      Before the Court is the question of whether discovery should be stayed pending the resolution of defendants' motions to dismiss. The issue was raised in the state defendant's brief in support of its motion to dismiss and discussed by the parties at the initial pretrial conference on October 28, 2015. At that conference, the Court asked plaintiffs to "come up with a narrow set of discovery" on initial issues such as "statistics of denials" of Medicaid applications at specific locations. (Tr. at 22:1-3; 13:22-25; 14:4-6.)[1] Instead, plaintiffs have submitted what appears to

---

[1] "Tr." citations refer to the page and line numbers of the transcript of the initial pretrial conference on October 28, 2015.

be a broad set of discovery requests aimed at litigating the full scope of the case. For example, plaintiffs requested, "For each and every Medicaid application requesting personal care services based on disability from July 30, 2012 through August 19, 2015, any and all documents that reflect the number of days it took Defendant to provide notice to the applicant about whether the applicant met the financial and categorical requirements for Medicaid funded personal care services." (Pl.'s Nov. 2, 2015 Ltr. Ex. A. (ECF No. 24), at 5, ¶ 7.)[2]  Plaintiffs also seek, for example, "Any documents concerning amount of time it takes for Defendant to process applications for Medicaid funded personal care services from July 30, 2012 through the present." (Id. at 6, ¶ 13.)  Plaintiffs also requested admissions on statistics as to the number of applicants for Medicaid funded personal care services over a three-year period.  (Id. at 9-11.)

      Plaintiff's proposed discovery is far broader than the scope that was discussed at the conference.  The Court was amenable to balancing defendants' request for a stay against a reasonably narrow set of initial requests.  I stated that over and over again.  These requests and my direction are ships passing in the night.  By overreaching with such broad requests, plaintiffs have reinforced, rather than undercut, defendant's arguments in favor of staying discovery.  The Court also will not engage in a back-and-forth with the plaintiff to negotiate the scope of a

---

[2] Because plaintiff's proposed discovery request to defendant Zucker is essentially equivalent to the proposed request to defendant Banks, the Court cites only the page and paragraph numbers for the Banks request.

2

narrower set of discovery, since it has already made clear at the initial conference that it would not allow plaintiffs to "seek the world" in its initial proposed discovery. (Tr. at 22:8-10.)

Accordingly, all discovery in this action is STAYED until the Court issues further instructions after it reviews the full briefing on the motions to dismiss.

SO ORDERED.

Dated:   New York, New York
         November 12, 2015

_____
KATHERINE B. FORREST
United States District Judge